UNION PACIFIC RAILWAY COMPANY v. MARY A. LANGAN.

FILED JUNE 15, 1897. No. 7340.

Contract for Shipment of Live Stock: NEGLIGENCE: ACTION AGAINST CARRIER FOR DAMAGES: VERDICT FOR PLAINTIFF. The evidence in this case examined, and *held* to sustain the verdict.

ERROR from the district court of Hall county. Tried below before THOMPSON, J. *Affirmed.*

*J. M. Thurston, W. R. Kelly* and *E. P. Smith,* for plaintiff
in error.

*Abbott & Caldwell, contra.*

RYAN, C.

On the 25th day of April, 1892, a contract was entered
into between the agent of the defendant in error as ship-
per and the Union Pacific Railway Company.  By the
terms of the contract the railway company undertook to
transport three double-deck car loads of sheep from Wood
River to Fremont.   When these cars reached Grand
Island it was discovered that one end of the upper deck
of one of the cars had fallen and that by this fall some
of the sheep in that car had been injured and others had
been killed.   This car was taken to the stock yards in
Grand Island and the living sheep were transferred to
a suitable car and forwarded by a train which followed
that in which the two other cars had meantime been
hauled to Chicago.   There was a verdict and judgment
in the district court of Hall county in the sum of $979.71,
the value of the entire car load of sheep which had been
shipped in the car wherein a part of the upper deck had
fallen before it reached Grand Island.   By the aforesaid
contract it was provided that the shipper "agrees to load
and unload and reload all said stock at his own expense,
and to feed, water, and attend the same at his own ex-
pense and risk, while it is in the stock yards of said com-
pany awaiting shipment and while on the cars or at the
feeding or transfer points, or where the same may be un-
loaded for any purpose."   It was further provided in the
contract of shipment as follows: "The said shipper him-
self assumed the duty of properly and securely placing all
the said stock in the cars, and keeping said cars securely
locked and fastened, so as to prevent escape of such stock
therefrom.   In case the said company shall furnish any
laborer or laborers to assist in loading or unloading said

stock at any point no additional charge will be made therefor, and such laborer or laborers shall, while so engaged, be deemed exclusively the employes of said shipper; and the said company shall not be liable for anything done or omitted to be done by such laborer or laborers while so engaged."

Plaintiff in error insisted in the district court, and still insists, that the shipper overloaded the car in which the deck fell, and that this was in violation of one of the above quoted undertakings. The freight charge was on 19,000 pounds, and the sheep in this car weighed less than this figure fixed by the carrier. The jury, therefore, was justified in finding that this car was not overloaded.

It is furthermore argued by the plaintiff in error, in view of the above extracts from the contract of shipment, that it was the duty of the shipper to accompany and care for his sheep, and that his failure to accompany and care for the car load left at Grand Island was, in effect, an abandonment of that car load, from which abandonment it resulted that the employes of the railway company were required to care for the sheep, and that for any negligence in that respect the railway company could not be held liable under the conditions of the shipping contract above quoted. There were three cars loaded with sheep of Mrs. Langan shipped at the same time. Her husband accompanied and cared for the sheep until the train reached Grand Island. Here one car load was detained by the railway company and Mr. Langan went forward with the other two cars. The plaintiff in error took the depositions of the persons who, in transit, took care of the detained car load of sheep until these sheep were delivered at the stock yards in Chicago, and from this evidence it seems clearly established that there was no failure to properly take care of these sheep during this time. The only evidence as to injuries received was that which indicated that the cause of the injuries was the above mentioned falling of the upper deck of the car. The jury could, and we think under the circumstances should, have

found that the injuries which decreased the value of this car load of sheep were sustained at the time of, or before, reaching Grand Island. Mr. Langan could not be said to be guilty of negligence in electing to accompany the two cars, instead of remaining with one, and, at any rate, there was no evidence whatever that this election was the occasion of any injuries to the sheep being shipped. It therefore seems to us that there is no ground for the complaints made in regard to the course pursued by Mr. Langan, nor should there be of the action of the jury in holding the plaintiff in error liable for such injuries as the sheep sustained, on the theory that these injuries had been received before they left Grand Island. In this view of the case there is involved no question of inter- state commerce on the theory of the railroad company itself, for on its behalf it is strenuously urged that its duties with respect to this shipment by contract ended at Fremont in this state.

It appears from the evidence that the plaintiff in error, as it argues it had the right to do, caused the car load of sheep which, as it says, Mr. Langan abandoned at Grand Island, to be shipped to Chicago and there sold, and that the proceeds of said sale were paid to plaintiff in error. There should be no inference of unfairness from this for an amicable arrangement was afterwards made between the contestants, for these proceeds to be paid to defend- ant in error without either party waiving any right by reason of such payment. We mention the fact that the sale was on account of the railway company merely as introductory to another remark, and that is, that it is conceded on all hands that the sale was for the full value of the car load of sheep in the condition in which they were when sold in Chicago. The other two car loads were sold in the same market and at almost the same time as this particular car load and there was evidence showing how the different car loads compared and for what each sold, from which showing and comparison the jury was able to judge for how much less the injured sheep sold

than they would have sold if these sheep had not been injured. The verdict was less than this proof justified, and the plaintiff in error has no good ground for complaint with respect to the amount found due.

There is found no error in the record and the judgment of the district court is

AFFIRMED.

HARRISON, J., took no part in the final determination of this case.